The STATE EMPLOYEES' ASSOCIATION OF NEW HAMPSHIRE, INC.; Thomas J. Goulette; Elizabeth Hamlin–Morin

v.

Roy Y. LANG, individually and as Director, New Hampshire Department of Personnel, et al.

Civ. No. 82–374–D.

United States District Court, D. New Hampshire.

May 16, 1988.

Robert T. Clark, Concord, N.H., for plaintiffs.

Daniel J. Mullen, Office of Atty. Gen., Concord, N.H., for defendants.

## ORDER

DEVINE, Chief Judge.

This Order addresses the issues raised by plaintiffs' motion to alter or amend the Order of this Court entered on February 17, 1988, 682 F.Supp. 660.

Disregarding the nonsubstantive objections plaintiffs have made to the Court's Order, *see* Motion to Alter or Amend Judgment ¶¶ 1–2, the gravamen of plaintiffs' substantive objection is that the New Hampshire Supreme Court never considered the federal constitutional validity of the phase-in law, Laws of 1986, ch. 231, and therefore this inquiry is capable of review in this court. Plaintiffs argue that because the phase-in law is still in effect and creates inequalities of payment for equal work, this Court may and should apply equal protection analysis under the Fourteenth Amendment to the United States Constitution to determine the constitutional validity of the phase-in law. On this point, the Court, on reconsideration, finds that plaintiffs state a colorable claim for relief.

In its Order of February 17, the Court considered only the validity of the New Hampshire tripartite pay scale scheme as a whole. This consideration accorded with plaintiffs' second amended (and restated) complaint filed October 9, 1987, in which plaintiffs did not ask the Court to specifically rule on the constitutional validity of the phase-in law, but instead asked the Court "[t]o enter a declaratory order holding that the *legislative scheme herein complained of* has and does deprive plaintiffs and the class they represent of equal protection of the law...." *See* Amended Complaint at 25 (emphasis added). In effect, through ambiguous phrasing, the issue now argued by plaintiffs was not squarely presented to the Court.

Now, however, the Court *has* been squarely presented with the issue of the constitutionality of the phase-in law. The Court agrees with plaintiffs that resolution of this matter does not implicate the Eleventh Amendment insofar as regards prospective injunctive relief from the date the Court issues its order. As the Court stated in its Order of February 17, "defendants are vulnerable to prospective injunctive relief notwithstanding sovereign immunity." *See* 682 F.Supp. at 664.

The Court will therefore consider whether the New Hampshire phase-in statute, Laws of 1986, ch. 231, violates the United States Constitution's Fourteenth Amendment guarantee of equal protection. Nonetheless, because this issue has not been explicitly briefed by either party, the Court will not embark upon a resolution of the issue until it has received such briefing. To that end, plaintiffs are hereby ordered to submit a memorandum of law addressing the constitutional validity of the phase-in statute with regard to the federal law of equal protection. Said memorandum is to be submitted within twenty days of the date of this Order. Defendants shall respond thereto in accordance with local and federal rules of civil procedure.

SO ORDERED.